UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRIE L. ZUBER,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYVIEW LOAN SERVICING, LLC; KOVITZ SHIFRIN NESBIT, a Professional Corporation; MANOR HOMES OF SPRING LAKE CONDOMINIUM ASSOCIATION NO. 2; BANK OF AMERICA, N.A. & AMERICAN COMMUNITY MANAGEMENT, INC. a/k/a ACM COMMUNITY MANAGEMENT,<br><br>    Defendants. | No. 15 C 10976<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Defendant Bayview Loan Servicing, LLC's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Sherrie Zuber filed a nine-count Complaint against Bayview Loan Servicing, LLC ("Bayview") and other Defendants, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Counts I and II are FDCPA and ICFA claims respectively, both against Bayview. Bayview seeks to dismiss Count II. For the following reasons, Defendant Bayview's Motion is granted.

**I. BACKGROUND**

    Sherrie Zuber obtained a mortgage on property located at 310 Primrose Court in Aurora, Illinois on July 1, 2009. She defaulted on the mortgage in May 2013 and filed for Chapter 13 bankruptcy that November.

    After the bankruptcy filing, Zuber alleges that Bayview, a loan servicing company that

1

purchases mortgage loans in default, acquired the servicing rights to the debt associated with the Primrose Court property. In December 2014 and January 2015, Bayview sent Zuber mortgage statements, including payment coupons and monthly payment amounts, and a debt validation letter stating that Zuber owed Bayview a total of $150,490.83. Bayview filed for a Motion for Relief from the Automatic Stay in Zuber's bankruptcy case on March 12, 2015. Hon. Donald R. Cassling modified the stay on March 20, 2015, granting Bayview permission "to pursue all non bankruptcy remedies and work out options" with regard to the Primrose Court property.

Bayview sent Zuber a notice of default and intent to accelerate on April 2, 2015, and continued to attempt to collect the debt throughout April and May. Zuber alleges that all of these attempts were made with full knowledge of her bankruptcy filing and argues that Bayview engaged in deceptive practices to collect an uncollectible debt from her. Her complaint states that she "has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive collection actions," and that she was "unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt."

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim, but rather the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In addition to the complaint, a court may also consider documents attached to or referenced in the complaint. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir.1998) (quoting *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d

1244, 1249 (7th Cir.1994)). "A complaint should not be dismissed for failure to state [a] claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007).

## II. DISCUSSION

To state a claim under ICFA, a plaintiff must show: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). ICFA claims are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires the circumstances of fraud to be stated "with particularity." *Id.* at 736-737. When, as here, the plaintiff is a private party, he must also show that he suffered "actual damage" from the alleged violation. *See* 815 ILCS 505/10a(a); *Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010). The Seventh Circuit has said that "actual damages" means the plaintiff must have suffered "actual pecuniary loss"—in other words, actual damages are economic and calculable, not emotional or intangible. *Kim*, 598 F.3d at 365 (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (2008)); *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053-54 (2009) (plaintiff cannot state ICFA claim when he alleges damages consisting only of "emotional distress, inconvenience, and aggravation").

Here, Plaintiff has only pleaded emotional disturbance and inconvenience in the form of the distress brought on by the collection letters and the time expended to bring this lawsuit. Plaintiff argues that she has incurred costs in the administration of this lawsuit and cites a case in this district in which Judge Gottschall commented, "Some courts have found a plaintiff's expenditure of time and money incident to defending a debt collection effort to suffice as damages under the ICFA." *Thompson v. CACH, LLC*, 14 CV 0313, 2014 WL 5420137, (N.D. Ill. Oct. 24,

3

2014). Yet that is not the circumstance we have here. There is no indication in the complaint or Plaintiff's subsequent filings that she has defended the debt collection effort, let alone that she expended money to do so. On the contrary, Bayview points to a more analogous case in this district where the plaintiff alleged damages in the form of the time and money expended when consulting with his attorneys. Judge Kendall "decline[d] to read the actual damages prong so broadly as to allow for the requirement to be met simply by a plaintiff's spending time consulting with his attorney," especially since "attorney's fees are reimbursed pursuant to a different part of the statute." *Price v. Seterus, Inc.*, 15 C 7541, pp. 13 – 14, 2016 WL 1392331, at *7 (N.D. Ill. Apr. 8, 2016) (citing *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012); *Garcia v. Receivables Performance Mgmt., LLC*, No. 14 C 5367, 2014 WL 5543885, at *2 (N.D. Ill. Nov. 3, 2014)). I agree. Plaintiff has not pleaded actual damages, either generally or with the required specificity. Her ICFA claim against Bayview must therefore be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant Bayview's Motion is granted. Count II against Bayview is dismissed.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 14, 2016

4