UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRIE L. ZUBER, ) Plaintiff, ) ) v. ) BAYVIEW LOAN SERVICING LLC, ) KOVITZ SHIFRIN NESBIT, A ) PROFESSIONAL CORPORATION, MANOR ) HOMES OF SPRING LAKE CONDOMINIUM ) ASSOCIATION NO. 2, BANK OF ) AMERICA, N.A., & AMERICAN ) COMMUNITY MANAGEMENT, INC. a/k/a ) ACM COMMUNITY MANAGEMENT, ) Defendants. ) | Case No. 1:15-cv-10976 Honorable James B. Zagel Magistrate Judge: Honorable Mary Rowland |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants MANOR HOMES OF SPRING LAKE CONDOMINIUM ASSOCIATION No. 2 (hereinafter "the Association") and AMERICAN COMMUNITY MANAGEMENT, INC., a/k/a ACM COMMUNITY MANAGEMENT (hereinafter "ACM") by and through its attorney Gabriella R. Comstock of Keough & Moody, P.C., who pursuant to Federal Rule 56 and Local Rule 56.1 bring this Memorandum of Law in Support of its Motion for Summary Judgment:

**INTRODUCTION**

Plaintiff filed a lawsuit against several Defendants including the Association and ACM. Plaintiff alleges that the Association is a debt collector who took actions in violation of the Fair Debt Collection Practices Act. She also alleges that the Association and ACM violated the Illinois Consumer Fraud and Deceptive Business Practices Act. In addition, she alleges that ACM violated

1

the automatic stay imposed as a result of her bankruptcy filing. For the reasons stated in greater detail below, Plaintiff's arguments fail. Therefore, judgment as a matter of law must be entered in favor of the Association as to Counts III and IV and in favor of ACM as to Counts VII and IX. In addition, Plaintiff's failure to complete its reasonable inquiry that would have shown there was no merit to the allegations, should result in sanctions against her attorneys.

**STANDARD FOR GRANTING MOTION FOR SUMMARY JUDGMENT**

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there are no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c) and Cox v. Acme Health Serv. Inc., 55 F.3d 1304 (7th Cir. 1995). To overcome a motion for summary judgment, the non-moving party must show evidence that could reasonably be relied upon to warrant the entry of in the non-movant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986).

**SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF THE ASSOCIATION AS TO COUNT III SINCE AS A MATTER OF LAW IT DID NOT VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT**

In Count III, Plaintiff alleges that the Association violated the Fair Debt Collection Practices Act. Plaintiff alleges that the "debt" being collected by the Association is unpaid assessments. *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, Paragraph 107. However, Plaintiff also alleges that the Association is a "debt collector". *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, Paragraph 108. As the assessments being collected by the Association, are due and owing to the Association, the Association does not qualify as a "debt collector" under the plain language of the Fair Debt Collection Practices Act. Hence, as a matter of law, judgment should be entered in favor of the Association as to Count II.

The Fair Debt Collection Practices Act (hereinafter "FDCPA") was adopted to eliminate debt collection practices that are abusive, deceptive and unfair, so as to protect consumers against a debt collector's abuse. 15 USC §1692(e). Several key terms are defined within the FDCPA including the term "debt collector" and "creditor". 15 USC §1692a(6). A "debt collector" is defined as " . . . any person who uses any instrumentality of interstate commerce or mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 USC §1692a(6) (emphasis added). The FDCPA also defines a "creditor" as " . . . one who offers or extends credit . . . *or to whom a debt is owed*" (emphasis added). 15 U.S.C. §1692(a)(4). The FDCPA does not apply to creditors. Id. and McKinney v. Cadleway Properties, Inc., 548 F.3d 496 (7th Cir. 2008). More importantly, the FDCPA does *not* apply to condominium associations collecting a debt on its own behalf. Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477 (7th Cir. 1997)(where the Court relied on 15 U.S.C. §1692(a)(6)(A) to state that a condominium or homeowners association collecting assessments on its own behalf was not a debt collector).

Plaintiff was the owner of the property commonly known as 310 Primrose Court, Unit D, Aurora, Illinois (hereinafter "the Subject Property"). *See* Defendants' Statement of Undisputed Material Facts, Paragraph 9. The Association was a secured creditor of Plaintiff, as the Subject Property is located within the Association. *See* Defendants' Statement of Undisputed Material Facts, Paragraph 13. The Association collects assessments from the Owners of the property located within the Association, pursuant to the terms of the Association's Amended and Restated Declaration of Condominium Ownership of Easements, Restrictions, and Covenants, which was recorded on September 29, 2014, and assigned document number R2014-088986. *See* Defendants' Statement of

3

Undisputed Material Facts, Paragraphs 7 and 8. The Association's interest in unpaid assessments was never assigned to or transferred to it by any other entity, including ACM, who was its managing agent, as this right originates from its Declaration. *See* Defendants' Statement of Undisputed Material Facts, Paragraphs 7, 8, 10 and 11. Accordingly, the Association does not qualify as a "debt collector" under the FDCPA. Hence, judgment as a matter of law must be entered in favor of the Association as to Count III since it could not have violated §§1692(e) or (f) of the FDCPA.

The Association should be awarded its attorney's fees and costs in relation to its defense in this matter as Plaintiff's filing rises to the level of a bad faith filing. §1692(k)(a)(3) provides that if a court finds that an action was brought under §1692 in bad faith and for the purpose of harassment, the defendant may be awarded reasonable attorney's fees. 15 U.S.C. §1692(k(a)(3). Here, Plaintiff's filing is clearly in bad faith as her bankruptcy filings support 1.) that the amount sought by the Association were unpaid assessments, 2.) identifies the Association as a secured creditor, and 3.) identifies the Subject Property as part of the Association. In fact, the documents attached to Plaintiff's complaint support the Association's position that as a matter of law it was not a debt collector. Hence, this Court should find her claim that the FDCPA was violated was in bad faith and the Association should be granted leave to file a Petition for Attorney's Fees.

### SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR THE ASSOCIATION AS TO COUNT IV AND AS TO ACM ON COUNT VII

In Count IV and VII of the Complaint, Plaintiff alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter "Consumer Fraud Act"). Plaintiff alleges that the Association and ACM each engaged in unfair and deceptive acts or practices in their attempts to collect an uncollectible debt. *See* Defendants' Statement of Undisputed Material

4

Facts, Exhibit A, ¶¶ 122 and 174. Because neither the Association nor ACM are involved in any trade or commerce, the Consumer Fraud Act is not applicable. Further, contrary to that asserted by Plaintiff, the statements in her confirmed bankruptcy plan did not vest title in the subject property to a third party.

The Consumer Fraud Act was adopted to protect consumers from unfair methods of competition and other unfair and deceptive business practices. Batson v. Live Nation Entertainment Inc, 746 F.3d 827. It attempts to prevent such actions or methods that are done in the course of trade or commerce. Daley v. Datacom Systems, Corp., 146 Ill.2d 1, 29-30 (1991). The Consumer Fraud Act defines "trade and commerce" as:

> the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situation, and shall include any trade or commerce directly or indirectly affecting the people of this State.

815 ILCS 505/1(f). In order to state a claim under the Consumer Fraud Act, " . . .a plaintiff must show: '(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce.'" Camasta v. Jos. A. Bank Clothiers, Inc.,761 F.3d 732, 739 (7th Cir. 2016) *quoting* Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 574 (7th Cir. 2012).

Plaintiff alleges that the Association's attempt to collect a debt is part of the conduct that falls under the definition of "trade and commerce" . *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, ¶ 125. She also alleges that ACM's transfer of servicing rights to the Association is part of the conduct of "trade and commerce". *See* Defendants' Statement of Undisputed Material Facts, Exhibit A,¶ 177. The Association is not involved in trade or commerce, as it seeks to collect

its *own* debt from the members of its Association. *See* Defendants' Statement of Undisputed Material Facts,¶¶7 and 8. Hence, the Consumer Fraud Act does not apply to the Association's efforts to collect unpaid assessments from its members. Likewise, the Consumer Fraud Act does not apply to ACM, the Association's agent. *See* Defendants' Statement of Undisputed Material Facts, Paragraph 12. The collection of assessments by the Association originates from its Declaration and ACM at no time has transferred any rights to the Association. *See* Defendants' Statement of Undisputed Material Facts, ¶¶7 and 8. Since any action by the Association or ACM did not occur during the course of conduct involving trade or commerce, summary judgment must be granted in favor of the Association and ACM.

Even if, *arguendo*, the Consumer Fraud Act is applicable, the Association and ACM are also entitled to summary judgment as the actions of the Association and ACM were not in any way unfair or deceptive. Plaintiff alleges that title to the subject property vested into Bank of America upon the confirmation of her bankruptcy plan. *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, ¶ 130. Section 1325(c)(5)(C) of the Bankruptcy Code does provide that a plan may be confirmed if " . . . the debtor surrenders the property securing such claim to such holder." 11 USC §1325(c)(5)(C). The Bankruptcy Code does not define "surrender". Black's Law Dictionary defines surrender as the act of yielding to another's power or control and the giving up of a right or claim. Black's Law Dictionary, 9th edition.

In re Arsenault, the Court considered the meaning of "surrender" under §1325 of the Bankruptcy Code. 456 B.R. 627(Bankr. S.D. Ga. 2011). The Arsenault Court held that a secured creditor cannot be required to accept a surrender of property through a confirmed plan. Id. at 630. Similarly, other courts have held that confirmation of a plan providing for abandonment or

surrender of property does not itself vest title in a secured creditor. *See* <u>In re Service</u>, 155 B.R. 512 (Bankr.E.D.Mo.1993) ("the Court cannot compel acceptance of the surrendered property"); <u>In re White</u>, 282 B.R. 418 (Bankr.N.D.Ohio 2002) ("the Code does not provide for the court or the debtor to direct the means by which the secured creditor deals with the surrendered property"). *See also* <u>In re Rosa</u>, 495 B.R. 522 (Bankr.D.Haw. 2013) and <u>In Re Rose</u>, 512 B.R. 790 (Bankr.W.D.N.C. 2014). In fact, the <u>Rose</u> Court noted that " . . . the weight of the case law is to the contrary . . ." and a confirmed plan that provides for the surrender of real property, does not pass ownership to the Lender. <u>Id.</u> at 793. The <u>Rose</u> Court even held that such a term in a confirmed plan does not even require the lender to foreclose on its mortgage. <u>Id.</u>

  Contrary to that asserted by Plaintiff, title to real estate cannot be effectively conveyed without the acceptance of the grantee. "[I]t is essential that a deed conveying the same be delivered to and *accepted* by the grantee." <u>Gallagher v. Girote</u>, 23 Ill.2d 170, 175 177 N.E.2d 103 (1961) (emphasis added). "The acceptance of the conveyance by the grantee is as essential to the passing of the title as the delivery by the grantor, and where the acceptance is not proved and the facts do not justify the presumption of law that the grantee has accepted, the title does not pass." <u>Matter of Estate of Shedrick</u>, 122 Ill.App.3d 861, 865, 462 N.E.2d 581 ( 5th Dist. 1984). For these reasons, simply stating in a confirmed bankruptcy plan ones intent to surrender property does not transfer or vest title in real property to another. This also did not make the Association's debt uncollectible as concluded by Plaintiff.

  Plaintiff's allegation is that it was unfair and deceptive to collect an uncollectible debt. "To determine whether a business practice is unfair, the court considers '(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether

7

it causes substantial injury to consumers.'" Hill v. Wells Fargo Bank, N.A., 946 F.Supp 817, 826 (2013), *quoting* Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 775 N.E.2d 951, 961, *citing* FTC v. Sperry & Hutchinson Co., 405 U.S. 233, 244, 92 S.Ct. 898 (1972). As noted, the case law is clear that the confirmation of the bankruptcy plan alone did not vest title in a third party. Hence, the actions by the Association and its agent ACM could not rise to the level of being unfair or deceptive. Accordingly, Plaintiff cannot prevail on Counts IV and VII and summary judgment should be entered in favor of the Association and ACM.

### SUMMARY JUDGMENT MUST BE ENTERED IN FAVOR OF ACM AS TO COUNT IX AS IT DID NOT VIOLATE THE AUTOMATIC STAY

In Count IX, Plaintiff alleges that ACM violated the automatic stay that was in place as a result of her bankruptcy filing. Plaintiff alleges that ACM violated the automatic stay by allowing the Association to continue to collect assessment fees by commencing a legal action against her. *See* Defendants' Statement of Undisputed Facts, Exhibit A, ¶ 210 of Plaintiff's Complaint. Again, even though Schedule D to her Bankruptcy Filing indicates that the amount due and owing is for assessments, Plaintiff appears to be confused as to the relationship between the Association and ACM and what was being collected was unpaid assessments due and owing to the Association. *See* Defendants' Statement of Undisputed Facts, Exhibit A, Exhibit A. More importantly, no action was taken to violate the automatic stay.

There is no dispute that Plaintiff filed for bankruptcy protection under Chapter 13 on November 25, 2013, which was assigned case number 13-45377. *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, Exhibit B. There also can be no dispute that on April 9, 2014, the Association, through its attorney, filed a Motion for Relief from the Automatic Stay. *See* Defendants' Statement of Undisputed Material Facts, ¶ 17. Further, there is no dispute that on April

18, 2014, the Honorable Judge Cassling granted the Motion for Relief. *See* Defendants' Statement of Undisputed Material Facts, ¶ 18. The order entered by Judge Cassling specifically provides that the stay is lifted and that the Association is permitted to pursue its forcible entry and detainer action and to collect assessments, fees and costs against the Debtor pre-and post petition. *See* Defendants' Statement of Undisputed Material Facts, ¶ 18.

By Plaintiff's own admission, it was the Association, not ACM, that filed suit to collect the unpaid assessments against Plaintiff. *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, ¶ 61 and Exhibits S and U. Plaintiff also admits that the lawsuit was not filed and summons issued until October 13, 2015. *See* Defendants' Statement of Undisputed Material Facts, Exhibit A, ¶¶ 61-62 and Exhibit U. These actions were taken by the Association well after the stay was lifted as to the Association. *See* Defendants' Statement of Undisputed Material Facts, ¶18. These all show too that ACM was simply the managing agent of the Association and was not acting in any way in violation of the automatic stay.

There is absolutely no basis for Count IX against ACM as the stay was lifted. A simple review of the bankruptcy court docket by Plaintiff's counsel would have shown that the filing against ACM was completely meritless and frivolous. It is surprising that Plaintiff made these allegations when the exhibits and allegations to Plaintiff's own complaint support ACM's position that it did not violate the automatic stay. It should be noted that Plaintiff's counsel in this case is the same firm that represented her in her Bankruptcy. For this reason, this Court should not only enter judgment as a matter of law in favor of ACM as to Count IX, but it should also sanction Plaintiff's counsel for the frivolous filing. When an attorney files, signs or submits a pleading, it certifies that to the best of its knowledge, information and belief it has performed a reasonable inquiry and has determined

9

1.) that its filing is not being presented for any improper purpose, such as harassment; 2.) That its claims are warranted and not frivolous; and 3.) that it has evidence to support its allegations and its denials. Fed. R. 11(b). As outlined above, this reasonable inquiry was not completed and ACM should be allowed to file its Motion for Sanctions pursuant to Rule 11.

## CONCLUSION

As a matter of law, the Association and ACM are entitled to judgment as a matter of law as to Counts III, IV, VII and IX. As stated in greater detail herein, there are no questions of material fact. In addition, Plaintiff's attorneys failure to complete the required due diligence prior to the filing of a lawsuit, warrant this Court imposing sanctions and granting the Association and ACM leave to file a Petition for attorney's fees and costs.

WHEREFORE, MANOR HOMES OF SPRING LAKE CONDOMINIUM ASSOCIATION No. 2 and AMERICAN COMMUNITY MANAGEMENT, INC., a/k/a ACM COMMUNITY MANAGEMENT respectfully request that this Court grants its Motion for Summary Judgment, grant them leave to file a Petition for Attorney's Fees and Motion for Sanctions Pursuant to Federal Rule 11, and for any additional relief that this Court deems just and proper.

Respectfully submitted,
MANOR HOMES OF SPRING LAKE CONDOMINIUM ASSOCIATION No. 2 and AMERICAN COMMUNITY MANAGEMENT, INC., a/k/a ACM COMMUNITY MANAGEMENT,

BY: _____
One of their attorneys

*Gabriella R. Comstock*
Keough & Moody, P.C.
Attorney No. 6236880
114 E. Van Buren Avenue
Naperville, IL 60540
(630)369-2700
grc@kmlegal.com
S:\data\client\Manor Homes of Spring Lake Condo 2\Zuber\Motion\memo-sj.wpd